# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| DANA MCARTHUR, as Court-Appointed Guardian for DAVIS MCARTHUR<br>　　Plaintiffs,<br><br>v.<br><br>THE CITY OF ADEL, GEORGIA, POLICE DEPARTMENT, THE COOK COUNTY (GEORGIA) SHERIFF'S DEPARTMENT, SERGEANT JOHN GARY ROBERTS, CORPORAL JOEL FUTCH, and OFFICER T. GREEN<br>　　Defendants. | Civil Action No. 7:22-CV-85 (HL) |

## ORDER

Plaintiff Davis McArthur, through his Court-Appointed Guardian Dana McArthur, filed this action on August 22, 2022, seeking recovery against Defendants City of Adel, Georgia Police Department; Cook County (Georgia) Sheriff's Department; Sergeant John Gary Roberts; Corporal Joel Futch; and Officer T. Green pursuant to 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 1). The violations were alleged to have occurred on or around August 27, 2019. (Doc. 4, ¶ 10).

One year after filing his lawsuit, Plaintiff still had not provided the Court with proof of serving Defendants with copies of the Summons and Complaint. Accordingly, on August 23, 2023, the Court entered an Order directing Plaintiffs to show cause why this case should not be dismissed for failure to effect service

pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 3). Plaintiff's response to the Order is now before the Court. (Doc. 6).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve process on a defendant "within 90 days after the complaint is filed." Fed.R.Civ.P. 4(m). If the plaintiff fails to do so, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* But, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Good cause exists, "only when some outside factor, such as reliance on faulty service, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal punctuation and quotation omitted). "Courts have likened good cause to the concept of excusable neglect under Rule 6(b)(1)(B), which requires a showing of good faith and a reasonable basis for noncompliance with the time set forth in the rule." *Scott v. Macon-Bibb Cnty., GA*, No. 5:21-CV-239 (MTT), 2022 WL 3328876, at *2 (M.D. Ga. Aug. 11, 2022) (internal quotations omitted). Even when a plaintiff cannot demonstrate good cause, district courts "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020). Thus, a district court "may exercise its discretion to dismiss a case without prejudice or to direct service to be accomplished within a set time only after it evaluates any factors that may

2

bear on this determination." *Id.* (explaining "a district court's dismissal of a case under Rule 4(m) after finding that the plaintiff did not demonstrate good cause but before considering whether the facts of the case justify a permissive extension of the service period is 'premature.'").

The Eleventh Circuit has explained that "where the statute of limitations would preclude refiling, or where the defendant evades service or hides a problem with attempted service, the Advisory Committee Note to Rule 4(m) suggests that an extension might be appropriate." *Id.* (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments). Here, Plaintiff's complaint alleges civil rights violations that occurred on August 27, 2019. (Doc. 1). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

Georgia has a two-year statute of limitations for personal injury actions. *See* O.C.G.A. § 9-3-33. Georgia law further states that "[i]ndividuals who are legally incompetent because of intellectual disability or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons." *See* O.C.G.A. § 9-3-90. However, in situations where an individual has a guardian appointed on his behalf, no such tolling shall take place. *See Price v. Dep't of Transp.*, 214 Ga. App. 85, 88 (1994) (holding the statute began to run once a plaintiff's mother filed an entry into the case on the plaintiff's behalf).

3

Plaintiff here has not established good cause for failing to serve Defendants. This action was filed on August 22, 2022. (Doc. 1). An entire year passed without any movement by the Plaintiff. Under Rule 4(m), the deadline to complete service expired on November 20, 2022. Fed. R. Civ. P. 4(m). As of September 2, 2023, the date Plaintiffs responded to the Court's show cause order and 376 days after Plaintiffs filed their Complaint, Plaintiff had yet to complete service. (Doc. 6).

Counsel for Plaintiff explains that Plaintiff was charged on June 17, 2020, with the commission of two willful and knowing felonies and two intentional misdemeanors in connection with the events of August 27, 2019. (Doc 6, ¶ 2). Later, on August 5, 2021, Plaintiff's mother and sister were tragically killed in an airplane crash in the Alaskan wilderness. (*Id.* at ¶ 2). Counsel states that the deaths of Plaintiff's family members in addition to the family's involvement in defending Plaintiff in the criminal case ultimately took a toll on Plaintiff and his guardian. (*Id.* at ¶ 4). The decision was made to file the present case on August 22, 2022, with the belief that the state criminal case would soon be resolved. (*Id.*). Delays occurred in the criminal proceedings. On August 18, 2023, the District Attorney of Cook County dismissed all criminal charges against Plaintiff. (*Id.* ¶ 8). Counsel then filed an Amended Complaint on August 25, 2023. (*Id.* ¶ 10).

The Court is sensitive to the tragic events experienced by Plaintiff and his guardian. However, none of the events outlined satisfy the good cause requirement for failing to perfect service of process. There are no other circumstances warranting an exception. The alleged events took place on or

4

around August 27, 2019. The original complaint was not filed with the Court until August 23, 2022. Because this claim originates under § 1983, it is considered a tort action subject to the statute of limitations of personal injuries. The statute of limitations in the State of Georgia for personal injury claims is two years. This claim was time barred from the date that it was filed. Additionally, Plaintiff does not benefit from any tolling due to mental incapacity as he was under a guardianship at the time of the incident. Extending the time for service will not eliminate the deficiency caused by the statute of limitations expiring on these claims.

Finding that Plaintiff has not demonstrated good cause for the failure to perfect service of process and that no other circumstances warrant extending time for service, the Court **DISMISSES** Plaintiffs' Complaint (Doc. 1).

**SO ORDERED** this 13th day of September, 2023.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

tdl